UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:19-cr-14-TWP-VTW-2 |
| ) | |
| TERRANCE L. BEASLEY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On September 21, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 30, 2022 (Docket No. 146). Defendant Terrance L. Beasley appeared via video conference. His appointed counsel James Earhart also appeared via video conference. The government appeared via video conference by Todd Shellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Mark McCleese, via video conference. The defendant consented on the record to the proceedings being held via video conference.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Beasley of his rights and provided him with a copy of the petition.

2. The parties requested a hearing date for the Final Revocation Hearing.

3. A Final Revocation Hearing was set for Monday, October 3, 2022 at 1:30 PM before Magistrate Judge Van T. Willis, in person, in Room 200, U.S. Courthouse, New Albany.

4. On October 3, 2022, the parties appeared in person for the Final Revocation Hearing. The Government was represented by AUSA Matthew Miller. The defendant appeared in person and with his appointed counsel, James Earhart. U.S Probation Officer Mark McCleese was also present.

5. The parties advised the Court they had reached an agreement to resolve the allegations in the Petition.

6. After being placed under oath, Mr. Beasley admitted Violations 1 through 5 (Docket No. 146).

7. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet in this judgment."**<br><br>Despite being continually reminded of his restitution obligation, Mr. Beasley has not made any payments. Consequently, $1,075 in special assessment fees remain unpaid, as well as the entire restitution balance of $15,048. |
| 2 | **"You shall answer truthfully the inquires by the probation officer, subject to your 5th Amendment privilege."**<br><br>On June 10, 2022, when confronted about a missed June 9, 2022, substance abuse treatment appointment, Mr. Beasley stated he couldn't attend because he was working a full time construction job with an individual named Keith. Mr. Beasley did not know Keith's last name, but did have the telephone number. The employer was contacted and stated Mr. Beasley had not worked with him for several years, but he had attempted to provide recent employment to the offender, who reportedly never showed up. |
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules** |

|   | and regulations of the program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer." |
|---|---|
|   | Due to continued illegal drug use, Mr. Beasley was referred to bi-weekly substance abuse counseling. He failed to attend scheduled substance abuse treatment on June 9, and July 7, 2022. Thereafter, the treatment provider took the extra steps of contacting Mr. Beasley on July 18, 2022, to confirm his July 19, 2022, session, but he still did not attend, also missing the appointment on that date. Consequently, Mr. Beasley was contacted by the provider and communicated he couldn't make it but would reschedule the following week. However, Mr. Beasley failed to contact the substance abuse treatment counselor to reschedule. The treatment counselor advised the probation officer that they have tried to accommodate Mr. Beasley by rearranging schedules, and opined the offender did not seem inclined to participate in treatment. |
| 4 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instruction regarding frequency and dosage."** |
|   | On July 26, 2022, Mr. Beasley submitted a urine specimen which tested positive for Cannabinoids. As reported in two previous violation petitions, Mr. Beasley submitted urinalyses which tested positive for Cannabinoids on April 8, April 29, May 9, May 24, and June 20, 2022. Mr. Beasley has consistently denied continued use. On July 26, 2022, during an office meeting, the offender cited Delta 8 use as the reason for positive drug screens, not traditional marijuana. |
|   | On August 2, 2022, Abbot Laboratory confirmed the July 26, June 20, and May 24, 2022, positive drug tests as Delta 9, traditional marijuana. Additionally, on August 8, 2022, a quantitative interpretation report was received from Abbott Laboratory. The report stated Mr. Beasley reused marijuana after May 24, 2022, and prior to the urine specimens collected on June 20, and July 26, 2022. |
| 5 | **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treatment physician. The court authorizes the release of the** |

3

> **presentence report and available evaluations to the treatment provider, as approved by the probation officer."**
>
> On May 18, 2022, to address continued marijuana use, Mr. Beasley's supervised release conditions were modified to include mental health treatment. Mr. Beasley was instructed to contact Midwest Psychological Center, Incorporated (Midwest) to begin treatment. The offender called Midwest one time, July 22, 2022. According to that treatment provider, they have attempted to reach Mr. Beasley by telephone and text three times, August 5, August 15, and August 22, 2022; however, Mr. Beasley has failed to schedule an appointment.

8. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

9. The parties jointly recommended Mr. Beasley's supervised release be modified to include the following additional condition: The defendant shall reside in a residential reentry center for a term of 120 days and shall abide by the rules and regulations of the facility. The defendant shall report to the residential reentry center as directed by the U.S. Probation Office. The defendant shall remain on supervised release for the duration of his supervised release term under the same conditions previously imposed.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the petition, that his supervised release should be MODIFIED to include the following additional condition:

1. The defendant shall reside in a residential reentry center for a term of 120 days and shall abide by the rules and regulations of the facility. The defendant shall report to the residential reentry center as directed by the U.S. Probation Office. The defendant shall remain on supervised release for the duration of his supervised release term under the same conditions previously imposed.

In addition to the mandatory conditions of supervision previously imposed, it is recommended the following conditions remain imposed to assist the probation officer in supervising Mr. Beasley and to ensure the safety of the community.

**You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.**

**You shall report to the probation officer in a manner and frequency directed by the court or probation officer.**

**You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.**

**You shall not knowingly leave the judicial district without the permission of the court or probation officer.**

**You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.**

**You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.**

**You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.**

**You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.**

**You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.**

**You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.**

**You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.**

**As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall**

5

**permit the probation officer to make such notifications and/or confirm your compliance with this requirement.**

**You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.**

**You shall reside in a residential reentry center for a term of 120 days. You shall abide by the rules and regulations of the facility.**

**You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.**

**You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.**

**You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You shall pay some or all of the costs of such treatment, if financially able.**

**You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.**

**You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month.  You shall pay some or all of the costs of testing, if financially able. You shall not attempt to obstruct or tamper with the testing methods.**

**You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.**

**You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.**

**You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.**

**If you are employed less than 20 hours per week, you will perform at least 5 hours of community service per week, at a location approved by the probation officer.**

The defendant acknowledged on the record that he would be subject to the above listed conditions, which mirror those to which he was previously subjected, with the addition of one new condition.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 10/4/2022

_____
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal